﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190305-5618
DATE: February 27, 2020

REMANDED

Entitlement to service connection for a cervical spine disability, to include degenerative disc disease of the cervical spine, is remanded.

Entitlement to service connection for chronic fatigue is remanded.

Entitlement to service connection for headaches is remanded.

Entitlement to service connection for hernia is remanded.

Entitlement to service connection for thyroid cancer is remanded.

Entitlement to service connection for hypothyroidism is remanded.

Entitlement to service connection for a right hand disability, to include arthritis of the right carpometacarpal joint, is remanded.

Entitlement to service connection for total left knee replacement is remanded.

Entitlement to service connection for a right wrist disability, to include osteoarthritis of the right radiocarpal joint, is remanded.

Entitlement to service connection for a right shoulder disability, to include osteoarthritis of the right acromioclavicular joint, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1968 to January 1970; he had service in Vietnam.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. 

In February 2018, the Veteran opted to participate in the Rapid Appeals Modernization Program (RAMP), VA’s test program for implementing the AMA. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. A March 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form and denied service connection for, inter alia, the issues listed above. In March 2019, the Veteran timely appealed the issues listed above in the March 2018 rating decision to the Board, requesting that his appeal be placed on the Board’s direct review docket.

After reviewing the evidence of record, the Board finds that the case must be remanded to correct a duty to assist error. 

The Veteran asserts that his knees, hands, shoulders and neck “took a beating” during service in Vietnam. See Statement in Support of Claim, dated September 12, 2011. He also asserts that his arthritis was caused by exposure to Agent Orange in Vietnam. See Statement in Support of Claim, dated January 25, 2010. His separation examination dated in January 1970 shows that that he reported swollen or painful joints and frequent or severe headaches.

In support of his claim, in July 2017, the Veteran submitted a medical statement authored by Dr. G.T.B. in which he related his thyroid cancer, hypothyroidism, chronic fatigue, headaches, right rotator cuff tear, right inguinal hernia repair, and extensive osteoarthritis throughout the spine and extremities to his exposure to Agent Orange while in Vietnam and/or the physical demands of active duty. 

Unfortunately, Dr. G.T.B.’s medical opinion is conclusory and without a thorough rationale. In addition, the Veteran has not been afforded a VA examination with an opinion as to the etiology of his claimed disabilities. Such an opinion is “necessary” under 38 U.S.C. § 5103A(d) when: (1) there is competent evidence that the Veteran has a current disability (or persistent or recurrent symptoms of a disability), (2) there is evidence establishing that the Veteran suffered an event, injury or in service or has a disease or symptoms of a disease within a specified period, (3) there is an indication the current disability or symptoms may be associated with service, and (4) there is not sufficient medical evidence to make a decision. See 38 U.S.C. § 5103A(c)(4). In this case, as medical evidence has been presented indicating that his thyroid cancer/hypothyroidism; chronic fatigue; headaches; right inguinal hernia repair; osteoarthritis of the cervical spine, right carpometacarpal joint, right radiocarpal joint, and right acromioclavicular joint; and left knee replacement are related to active service, the Board finds that an etiology opinion is necessary. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination(s) by an appropriate clinician(s) to determine the nature and etiology of his claimed disabilities. The complete rationale for all opinions expressed must be set forth in the examination report(s).

Right Hand, Right Wrist, Right Shoulder, Left Knee and Cervical Spine

(a) The examiner should identify all disabilities of the right hand, right wrist, right shoulder, left knee and cervical spine found to be present.

(b) The examiner must opine as to whether each such disorder is at least as likely as not related to an in-service injury, event, or disease, including the rigors and physical demands of active duty and/or Agent Orange exposure. 

• In providing this opinion, the examiner should consider the January 1970 separation examination showing that the Veteran reported swollen or painful joints.

Hernia

The examiner must opine whether any current hernia or residuals of a hernia is at least as likely as not related to an in-service injury, event, or disease, including the rigors and physical demands of active duty.

Headaches

The examiner must opine whether any current headache disorder is at least as likely as not related to an in-service injury, event, or disease, including the rigors and physical demands of active duty and/or Agent Orange exposure. 

• In providing this opinion, the examiner should consider the January 1970 separation examination showing that the Veteran reported frequent or severe headaches.

Thyroid Cancer and Hypothyroidism

The examiner must opine whether any current thyroid cancer or residuals thereof and any hypothyroidism is at least as likely as not related to in-service exposure to Agent Orange.

Chronic Fatigue 

(Continued on the next page)

 

The examiner must opine whether any current chronic fatigue is at least as likely as not related to an in-service injury, event, or disease, including the rigors and physical demands of active duty and/or Agent Orange exposure.

 

 

P.M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.